**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DELBERT LENARD JOHNSON,

    Petitioner-Appellant,

v.

STEVE HARGETT,

    Respondent-Appellee.

No. 00-6095
(W. District of Oklahoma)
(D.C. No. CIV-99-1037-T)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

Delbert Lenard Johnson, proceeding *pro se*, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of his 28

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal may not be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). After a two-day jury trial, Johnson was convicted in state court of second degree burglary and sentenced to 23 years' imprisonment. Johnson appealed the conviction arguing it was not supported by sufficient evidence. Specifically, Johnson claimed the state of Oklahoma failed to prove two of the six elements of burglary under Oklahoma law. Ultimately, the Oklahoma Court of Criminal Appeals ("OCCA") issued a summary opinion affirming Johnson's judgment and sentence. In the § 2254 habeas petition Johnson filed with the United States District Court for the Western District of Oklahoma, Johnson reasserted his claim that the state of Oklahoma did not present sufficient evidence to support his conviction.

Johnson's habeas petition was referred to a United States magistrate judge. The magistrate prepared a Report and Recommendation ("R & R") recommending that Johnson's habeas petition be dismissed. Johnson filed written objections to the R & R. After considering Johnson's objections, the district court adopted the R & R and dismissed Johnson's habeas petition. The district court also refused

to grant Johnson a COA. In this appeal, Johnson requests this court to grant him a COA and reverse the district court's judgment. [1]

Johnson filed his habeas petition after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs our review of his claim. Because the Oklahoma state court has already adjudicated Johnson's claim on the merits, this court cannot grant the writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." *Id.* § 2254(d)(2); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1518-23 (2000) (interpreting the standard set out in 28 U.S.C. § 2254(d)(1)). This court presumes a state court's factual findings to be correct unless the petitioner is able to rebut this presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). On habeas review of sufficiency of the evidence claims, this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,

---

[1]The district court also denied Johnson's motion to proceed *in forma pauperis* on appeal. Johnson, however, has renewed that request by filing a motion to proceed *in forma pauperis* with this court. Johnson's motion is denied.

433 U.S. 307, 319 (1979). This court, however, cannot weigh conflicting evidence or assess the credibility of witness. *See Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996).

To sustain a conviction for burglary in the second degree under Oklahoma law, the prosecution must prove: (1) breaking, (2) and entering, (3) a building, (4) of another, (5) in which property is kept, (6) with intent to steal. *See* Okla. Stat. tit. 21 § 1435. Johnson alleges that the prosecution failed to prove the elements of "breaking" and "intent to steal." Although the evidence admitted at Johnson's trial was primarily circumstantial, the elements of a crime may be proved with circumstantial evidence. *See Topia v. Tansey*, 926 F.2d 1554, 1563 (10th Cir. 1991).

At Johnson's trial, the prosecution presented evidence that police officers observed Johnson exiting from a door on the east side of the building. Officers found a pry mark on the door and it had been propped open. The prosecution also presented evidence that glass leading into an office had been smashed and a filing cabinet inside the office had been knocked over. Johnson's fingerprints and palm prints were found on the filing cabinet. Police officers testified that Johnson was observed running out of the propped-open door. He was chased and ultimately apprehended in a field adjacent to the building. The OCCA

determined that a reasonable jury could conclude from this evidence that Johnson broke into the building with the intent to steal property kept therein.

Based on the lengthy discussion of Johnson's claim in both the R & R and the summary opinion issued by the OCCA, and a *de novo* review of the entire record on appeal, we agree with the OCCA and the district court that the evidence presented at Johnson's trial, viewed in the light most favorable to the prosecution, was sufficient to support his conviction. Although Johnson makes many unsupported claims in his briefs and his application for a COA, he has failed to present clear and convincing evidence that the OCCA's adjudication of his claim "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Additionally, the OCCA's disposition of Johnson's claim is in accord with *Jackson* and, therefore, is not "contrary to or an unreasonable application of clearly established Supreme Court precedent." 28 U.S.C. § 2254(d)(1). Whether viewed as a question of law or one of fact, Johnson's sufficiency of the evidence claim lacks merit. *See Moore v. Gibson*, 195 F.3d 1152, 1176-77 (10th Cir. 1999) (noting that this court has not decided the question of whether a sufficiency of the evidence claim brought under the AEDPA is treated as a question of law or a question of fact).

Johnson is not entitled to receive a COA unless he can make "a substantial showing of the denial of a constitutional federal right." 28 U.S.C. § 2253(c)(2).

Johnson can make such a showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000).

Upon review of the relevant case law, Johnson's application for a COA, and the entire record on appeal, this court concludes the issue raised by Johnson is not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings. Johnson is not entitled to a COA because he has not made a substantial showing of the denial of a federal right as required by 28 U.S.C. § 2253(c)(2). Consequently, we **deny** Johnson's application for a COA for substantially those reasons set out in the R & R dated January 5, 2000, and **dismiss** his appeal.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge